**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 22-00059-ELG |
| JEFFERSON-11th STREET, LLC | Chapter 11 |
| Debtor. | Related Docket No. 5 |

**LIMITED OBJECTION OF THE DISTRICT OF COLUMBIA TO THE DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY MACNAMEE HOSEA, P.A., AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

The Office for the Attorney General, the District of Columbia, the "District"), by and through its undersigned attorneys, hereby submits this limited objection (the "Objection") to the Debtor's *Application for Authority to Employ Mcnamee Hosea,, P.A.,* ("MacNamee Hosea") *as Counsel for the Debtor and Debtor-in-Possession* (the "Retention Application"), and respectfully represents as follows:

**BACKGROUND**

(1) In 2017, the Superior Court for the District of Columba ("Superior Court") granted the District's Petition for Appointment of a Receiver for the Property known as 2724 11th Street, NW, Washington DC (the "Property"). A copy of that order is attached hereto as District Exhibit A.

(2) As part of the District's Superior Court action, Respondents Jefferson – 11th Street LLC ("Debtor") and Ellis Parker were ordered to provide $1.875 million to the Receiver, Benjamin Gilmore (the "Receiver"). A copy of the "Funding Order" is attached hereto as District Exhibit B. Since Debtor had no bank accounts or money of its own, funds were provided by Ellis Parker and his son, Francis Parker. In the ensuing months, the Receiver discovered that the conditions at the Property had so deteriorated that it could not be repaired

with the tenants in place. Accordingly, the Superior Court ordered Respondents Debtor and Ellis Parker to subsidize the tenant relocation by paying the rent difference between the tenants' apartments at the Property and their relocation units in the amount of $270,773.00. *See* District Exhibits B and C.

(3) Debtor has had a long-standing failure to maintain the Property in a manner that provides for habitable conditions for the tenants. The District will be filing additional pleadings and objections that set forth Debtor's long-standing history and will provide additional background on Debtor's failure to maintain the Property. *See* District Exhibits A – D for preliminary background on these issues.

(4) On March 31, 2022 (the "Petition Date"), Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 (the "Chapter 11 Case") of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Columbia (the "Court").

(5) Debtor also filed a Motion for Turnover of Funds and Records from State Ordered Receiver Pursuant to 11 U.S.C. § 543 (the "Turnover Motion"). A hearing on the Turnover Motion is set for May 4, 2022.

(6) Debtor did not, however, file any motions for use of cash collateral or motions to seek debtor-in-possession financing. Moreover, on Debtor's Schedules of Assets and Liabilities (the "Schedules"), Docket Entry No. 11, Debtor lists only one bank account -- a bank account held by the Receiver (the "Receivership Account"). See Part 1, pg. 6. The funds in the Receivership Account are the same funds Debtor seeks to access in the Turnover Motion. Debtor also lists on the Schedules a payment to MacNamee Hosea in the amount of $35,000.00, without providing any information regarding the identity of who made the payment. See Part 6, pg. 27.

(7) To the extent Debtor is seeking to use the funds in the Receivership Account - which funds were ordered by the Superior Court to be available for the tenants - including making repairs to the building and paying the tenants' expenses at other buildings since the tenants were forced to be relocated due to conditions at the Property, the District objects.

**RELIEF REQUESTED**

(8) By this Objection, the District takes no issue with Debtor's retention of MacNamee Hosea. However, the District requests the denial of Debtor's request to employ MacNamee Hosea if compensation for MacNamee Hosea will come from the Receivership Account, other receivership assets and/or tenant rent.

**BASIS FOR RELIEF**

(9) As the District intends to demonstrate in the coming weeks, the Turnover Motion should be denied. Moreover, to the extent Debtor intends to rely on the Receivership Account or such other funds required to be paid to the Receivership, payment to counsel from the Receivership Account or such other funds should not be permitted.

(10) As set forth above, as an initial matter, Debtor does not list any bank accounts on its schedules, other than the Receivership Account. See Schedules, Docket Entry No. 11, Part 1, pg. 6. Accordingly, the District cannot determine at this time how Debtor proposes to compensate MacNamee Hosea if the Court were to authorize its employment. Or for that matter, how Debtor paid MacNamee Hosea in the first instance, as on the Schedules it is blank as to "who made the payment, if not the debtor." See Part 6, pg. 27.

(11) For these reasons, the District will set forth in its forthcoming opposition to the Turnover Motion its position is that the Receivership Account is not estate property. Moreover, the funds in the Receivership Account were deposited by direct order of the Superior Court to

provide housing to the tenants and maintenance and repairs, and such funds were not intended to be used for payment of counsel. D.C. Official Code § 42-3651.06(c); *see also* District Exhibits A - C. As already directed by the Superior Court, Debtor should be required to use its available cash to comply with housing, health and safety laws and regulations and protect the public health and safety of its tenants not to compensate MacNamee Hosea. Accordingly, to the extent Debtor is seeking to compensate MacNamee Hosea from the Receivership Account, the District objects to such retention.

(12) In that regard, the Retention Application itself provides no information on how MacNamee Hosea will be compensated. The Verified Statement of Janet M. Nesse (the "Verified Statement") filed with the Retention Application does not list the retainer or who paid it. Moreover, the Retention Application itself is devoid of that information -- noting only that "On March 8, 2022, MacNamee Hosea was provided a $35,000.00 retainer, as security for its fees and expenses in this case." Retention Application, ¶ 16. Thus, nothing in the Retention Application provides any details regarding how Debtor - who allegedly lacks any bank accounts - paid the retainer or will have funds to pay post-petition fees to MacNamee Hosea.

(13) Accordingly, the District files this Objection on the basis that to the extent that Debtor is intending to use funds in the Receivership Account to pay for its attorney fees, it should not be authorized to use funds in the Receivership Account for any purpose other than with respect to tenants, repairing and maintaining the Property as ordered by the Superior Court.

## CONCLUSION

(14) The District has significant concerns regarding Debtor's bankruptcy filing and for purposes of this limited objection simply states that it does not believe Debtor should be authorized to compensate MacNamee Hosea, without setting forth the source of the funds and without a determination that the compensation cannot come from the Receivership Account. Accordingly, the District respectfully requests that the Retention Application be denied.

**WHEREFORE**, for the reasons set forth herein, the District respectfully requests that this Court: (i) deny Debtor's Retention Application; and (ii) grant such other and further relief as the Court deems just and proper.

Date: April 15, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General

/s/ William Burk
WILLIAM BURK, D.C. Bar No. 325274
Chief, Land Acquisition and Bankruptcy Section

/s/ Nancy L. Alper
NANCY L. ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street, N.W., 9th Floor
Washington, D.C. 20001
(202) 724-8122
nancy.alper@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2022, I caused a copy of the foregoing **Limited Opposition of the District of Columbia to Debtor's Application for Authority to Employ Mcnamee Hosea,, P.A., as Counsel for the Debtor and Debtor-in-Possession** to be filed and served electronically using the Court's ECF System.

/s/ Nancy L. Alper
NANCY L. ALPER, DC Bar No. 411324