Rosa J. Evergreen, DC Bar No. 500227
Blake Biles, DC Bar No. 441679
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
Rosa.evergreen@arnoldporter.com
Blake.Biles@arnoldporter.com

*Counsel for Ana Ascencio, Rosetta Archie, Paul Compton, and Maria Torres*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>JEFFERSON-11th STREET, LLC<br><br>Debtor. | Case No. 22-00059-ELG<br><br>Chapter 11<br><br>Related Docket No. 45 |

## MOTION TO SHORTEN TIME

Ana Ascencio, Rosetta Archie, Paul Compton, and Maria Torres (the "Tenants" or "Moving Creditors") by and through their undersigned counsel, hereby request that this Court shorten the time with respect to the Debtor's *Motion for Relief from the Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation* [Docket No. 45], to the extent necessary, as it relates to allowing the oral argument in the Mold Litigation Appeal (as defined below) to proceed as scheduled on May 31, 2022, and enter an order without a hearing if no objection is filed to the relief requested herein by May 20, 2022, and respectfully represents as follows:

1. Tenants are residents of an apartment building located at 2724 11th Street N.W., Washington, D.C. (the "Property"), although they are currently residing in temporary relocated

units while the Property is being renovated. The Property is subject to rent control laws in the District and the tenants are largely all low-income, and predominantly non-English speakers.

2. The Debtor and its managing member have engaged in a long-standing failure to maintain the Property, including failing to remediate indoor mold for years. In 2016, the Tenants, represented by Arnold & Porter Kaye Scholer LLP, filed a lawsuit seeking damages and injunctive relief based on (i) breach of contract for violations of the implied warranty of habitability and (ii) violations of the Air Quality Amendment Act of 2014, D.C. Code § 8-241.04 *et. seq*. (the "Mold Statute") in the Superior Court of the District of Columbia (Case No. 2016 CA 008084) (the "Mold Litigation"). The Superior Court granted the Tenants' motion for summary judgment on liability under the Mold Statute and found the Debtor and its managing member, Ellis Parker, jointly and severally liable in the amount of $269,217.30. *See* ECF No. 36-4 at 27 (award to Tenants for violations of Mold Statute); *id*. at 11 (discussing May 29, 2019 oral order granting summary judgment on liability for violation of Mold Statute, including against Mr. Parker in his individual capacity).

3. The Debtor and Ellis Parker filed an appeal in the Mold Litigation to the District of Columbia Court of Appeals (Case No. 20-cv-0519) (the "Mold Litigation Appeal").

4. Upon information and belief, the Debtor has not to date filed a suggestion of bankruptcy with the District of Columbia Court of Appeals, nor has it informed that court of this bankruptcy proceeding. However, on May 13, 2022, the Debtor filed its *Motion for Relief from the Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation* (the "Stay Motion"), in which it seeks relief from the stay to proceed in the Mold Litigation Appeal. Stay Motion, ¶ 16 (seeking relief from stay to proceed with appeals in non-bankruptcy litigation); *id*. ¶ 9 (identifying

Mold Litigation Appeal, Case No. 20-cv-0519, as one such litigation for which relief from the stay is sought).

5. The Moving Creditors do not object to the relief sought by the Debtor in the Stay Motion regarding the Mold Litigation Appeal.

6. The Mold Litigation Appeal has been fully briefed since October 10, 2021, and oral argument on that appeal has been scheduled for May 31, 2022 -- a salient detail that the Stay Motion failed to mention.

7. It is the Moving Creditors' position that even without the lifting of the stay sought by the Debtor, oral argument in the Mold Litigation Appeal can and should proceed as scheduled against non-debtor Ellis Parker. Ellis Parker was found individually liable in the Mold Litigation, and he is not a debtor in this or any other bankruptcy proceeding. In the Stay Motion, counsel for the Debtor also confirmed that it's their position that the Mold Litigation Appeal can and should proceed. However, in light of the upcoming May 31, 2022 hearing, Moving Creditors file this Motion to confirm, to the extent stay relief is necessary, that oral argument can proceed as scheduled on May 31, 2022.

**WHEREFORE**, for the reasons set forth herein, and in light of the Debtor's request that the stay be lifted to allow it to proceed in the Mold Litigation Appeal (relief to which the Moving Creditors consent), the Moving Creditors respectfully request that this Court (i) enter an order authorizing, to the extent required, that oral argument in the Mold Litigation Appeal can proceed as scheduled on May 31, 2022 with respect to the Debtor notwithstanding the bankruptcy proceeding, provided there is no objection to this Motion by May 20, 2022; or alternatively, if there is any objection filed, (ii) schedule a hearing as soon as possible, but not later than May 25, 2022; and (iii) afford such other and further relief is just and proper.

Dated: May 17, 2022

Respectfully submitted,

/s/ *Rosa J. Evergreen*
Rosa J. Evergreen, DC Bar No. 500227
Blake Biles, DC Bar No. 441679
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
rosa.evergreen@arnoldporter.com
blake.biles@arnoldporter.com

*Counsel for Ana Ascencio, Rosetta Archie, Paul Compton, and Maria Torres*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2022, a true and correct copy of the foregoing was filed and served electronically using the Court's ECF System.

/s/ *Rosa J. Evergreen*
Rosa J. Evergreen