**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE:** | |
| **JEFFERSON-11TH STREET, LLC** | **Case No: 22-00059-ELG** |
| | **CHAPTER 11** |
| **Debtor and Debtor in Possession.** | |

# STIPULATION OF FACTS AND PROPOSED RESOLUTION OF ISSUES REGARDING THE RETENTION OF COUNSEL AND THE REALTOR AND EXCUSING TURNOVER OF FUNDS HELD BY RECEIVER

COMES NOW Jefferson 11th Street, LLC ("Debtor"), by and through counsel, McNamee Hosea, P.A., the 2724 11th St. N.W. Tenants Association, Inc. (the "Association") by and through their undersigned counsel, Arnold & Porter Kaye Scholer LLP and Latham & Watkins LLP, and District of Columbia (the "District"), by and through their undersigned counsel (together with the Association and the Debtor, the "Parties"), submit this *Stipulation of Facts and Proposed Resolution of Issues Regarding the Retention of Counsel and the Realtor and Excusing Turnover of Funds Held by Receiver* (the "Stipulation") and state as follows:

## INTRODUCTION

1. Debtor commenced this case by filing a voluntary petition for Chapter 11 Bankruptcy on March 31, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Columbia (the "Court").

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Debtor*

2. Debtor is a single asset real estate limited liability company organized under the laws of the District of Columbia with a principal place of business located in the District of Columbia.

3. Since 2009, the Debtor has owned a 100 percent fee simple interest in 26 units of a two-story apartment building located at 2724 11th Street NW, Washington, D.C. (the "Property"). Currently, 15 units in the Property are being leased.

4. Going back for many years, the Debtor, the Association and the tenants at the Property have been engaged in litigation regarding the Property, including with respect to the conditions at the Property and District of Columbia laws and regulations.

5. As a result of the District's lawsuit against the Debtor, on November 17, 2017, the Superior Court for the District of Columbia (the "Superior Court") appointed Benjamin Gilmore as receiver of the Property (the "Receiver").

6. On April 1, 2022, the Debtor filed the *Application for Authority to Employ McNamee Hosea, P.A. as Counsel for the Debtor and Debtor-In-Possession* [Docket No. 5]. On April 11, 2022, the Debtor filed the *Application to Authorize Retention of Realtor Pursuant to 11 U.S.C. §327* [Docket No. 15] and the *Application for Approval of Employment of Carol Blumenthal and Blumenthal, Cordone & Erklauer PLLC as Special Counsel to the Debtor* [Docket No. 16] (collectively, the "Retention Applications").

7. On April 4, 2022, the Debtor filed a *Motion for Turnover of Funds and Records from State Ordered Receiver Pursuant to 11 U.S.C. § 543* (the "Motion for Turnover"). [Docket No. 9].

8. On April 25–29, 2022, both the District and the Association filed limited objections to the Retention Applications and the Motion for Turnover. [Docket Nos. 28, 29, 31, 32, 33].

9. On May 3, 2022, the Association filed the *Tenant Associations' Motion to Dismiss the Bankruptcy Case, or in Alternative, Abstain* [Docket No. 36] and the District filed the *District of Columbia's Joinder to Motion to Dismiss of the 2724 11 Street, N.W. Tenants' Association* [Docket No. 37] (collectively, the "Motion to Dismiss"). The Motion to Dismiss remains pending and the Parties have agreed that nothing in this Stipulation modifies or changes any parties' rights with respect to the Motion to Dismiss.

**<u>STIPULATION OF THE PARTIES</u>**

10. The Parties have agreed to the following terms to allow for resolution of the disputed Retention Applications and Motion for Turnover.

11. Subject to the District's and the Association's full reservation of rights, including, without limitation, that entry of this Stipulation shall not limit, impair, prejudice or impact any parties' rights and all parties' rights are reserved, including but not limited to, with respect to the Motion to Dismiss, the right to seek appointment of a Chapter 11 Trustee or to convert the cases to Chapter 7, to object to any proposed sale of the Property, and all other rights, objections and arguments, the Parties consent to approval of the Retention Applications but agree that payments to counsel or the Realtor (as defined below) shall not be made from the Receivership Funds (as defined below). Moreover, as it relates to the Zupancic Group of Marcus & Millichap Real Estate Investment Services (the "Realtor"), compensation shall only be paid to the Realtor if a sale of the Property is approved by this Court (and such sale closes) and no compensation or

reimbursement of costs, expenses or commission shall be paid from any funds held by the Receiver.

12. The Parties agree that the Receiver will retain the funds deposited (the "Receivership Funds") in his custody pursuant to orders issued by the Superior Court. In light of this agreement, the Debtor's *Motion to Allow Certain Business Expenses of Debtor to be Paid from Funds to be Turned Over by Receiver* [Docket No. 30] is deemed withdrawn and moot by the terms of this Stipulation.

13. The Parties agree that the Receiver will be authorized to pay the relocation costs and expenses, including rent ("Relocation Costs"), for the tenants in their current relocated locations without further order from the Court or entry of a final stipulation.

14. The Receiver will continue to collect rents from the tenants and may use any combination of those funds and the Receivership Funds to pay the Relocation Costs.

15. The Receiver will be authorized to use the Receivership Funds for routine maintenance, such as lawn mowing, payment of utilities, and other maintenance needs, but the Receiver will not be authorized to undertake steps towards rehabilitation of the Property at this time absent notice and an order of the Court. Nothing herein prejudices any party's right to seek an order of the Court authorizing the undertaking of the rehabilitation of the Property, as previously ordered by the Superior Court.

16. The Debtor shall return the keys to the Property to the Receiver, and both the Receiver and the Debtor shall cooperate to ensure access to the Property for the Debtor upon reasonable notice.

17. The Receiver will, promptly, at the end of each month, provide bank statements and financial reports to the Debtor so that monthly United States Trustee reports can be timely filed. These reports will reflect expenditures of both the Receiver and the Debtor.

18. The Debtor shall open a separate DIP account with a financial institution of its choice.

19. The Receiver shall provide to the Debtor the rent rolls, expense reports, and other reports as kept in the ordinary course. The Receiver will provide a copy of any such report to the Association's counsel and counsel for the District.

20. All parties' rights are reserved, including, but not limited to, the right to seek dismissal of or abstention from the bankruptcy case, to seek a trustee or to seek conversion of the bankruptcy case to Chapter 7, among other rights.

21. In the event of a dismissal of, or abstention from, this case, the terms of this Stipulation shall be null and void and shall not be binding, including, without limitation, that the Receiver will not need approval of this Court to undertake any rehabilitation of the Property.

**SEEN AND CONSENTED TO**

/s/ *Janet M. Nesse*
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawers.com
*Proposed Counsel to the Debtor*

/s/__*Nancy Alper*________________
Nancy L. Alper (DC Bar 411324)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street, N.W., 9th Floor
Washington, DC 20001
(202) 724-8122
Nancy.alper@dc.gov

/s/ *Rosa Evergreen*
Rosa J. Evergreen (DC Bar 500227)
Blake Biles (DC Bar No. 441679)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
rosa.evergreen@arnolderporter.com

- and -

Amanda P. Reeves, DC Bar No. 496338
Clayton D. LaForge, DC Bar No. 1033938
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
amanda.reeves@lw.com
clayton.laforge@lw.com

Peter Gilhuly
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
(213) 485-1234
peter.gilhuly@lw.com

*Counsel for 2724 11th St. N.W. Tenants' Association, Inc.*

**SEEN**

/s/ Kristen S. Eustis
Kristen S. Eustis
Trial Attorney
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227
Kristen.s.eustis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May 2022, a copy of the foregoing *Stipulation of Facts and Resolution of Issues* was served electronically via the Court's ECF system, where indicated, and by first class mail, postage prepaid, upon the following:

Recipients of ECF Notice

Office of the United States Trustee
1725 Duke Street
Alexandria, VA 22314

Jefferson-11th Street, LLC
c/o Francis Parker
213 16th St, NE
Washington, DC 20002

/s/ *Janet M. Nesse*
Janet M. Nesse