**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **JEFFERSON-11TH STREET, LLC** | ) | **Case No: 22-00059-ELG** |
| | ) | **CHAPTER 11** |
| **DEBTOR.** | ) | |

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE PROSECUTION OF NON-BANKRUPTCY LITIGATION**

Jefferson-11th Street, LLC ("Debtor") objects to the *Motion for Relief from the Automatic Stay to Continue Prosecution of Non- Bankruptcy Litigation* (the "Motion," Docket No. 54) filed by 2724 11th Street NW Tenants' Association, Inc. (the "Tenants' Association") and states as follows:

The Tenants' Association correctly cites to *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992) as the standard for relief from the automatic stay to pursue litigation. But there is no need for the Court to lift the stay at this time. This case is in its early stages, which mitigates against relief from stay. *In re Creekstone Apartments Assocs.*, L.P., 168 B.R. 639, 643 (Bankr. M.D. Tenn. 1994). The Tenants Association has been actively involved in this bankruptcy case and is fully capable of filing a proof of claim. The Tenants' Association is also fully protected by 11 U.S.C. § 108, which provides automatic extensions of non-bankruptcy court deadlines when the automatic stay is in place. The Debtor is subject to a multitude of litigation, including two motions to dismiss its case and ongoing appeals. It is marketing its

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Debtor*

property and drafting a plan of liquidation. It should not have to defend another lawsuit at this time. The Debtor is entitled to a "breathing spell" during the initial stages of its reorganization and should not have to deal with ancillary litigation at this time. In re Lyondell Chem. Co., 402 B.R. 596, 599 (Bankr. S.D.N.Y. 2009).

Traditionally, claims against the estate are dealt with after assets are monetized. The Tenants' Association's claim for attorneys' fees will have to be liquidated at some point, but it is premature to do so now. Any payment of the Tenants' Associations claim will certainly occur much quicker if the Debtor is able to market and sell its Property without interference.

Allowing the Tenants Association to reduce a claim to judgment could also further encumber the Debtor's Property, rendering sale of the Property even more difficult. While a judgment lien might not attach as a result of the automatic stay, any order lifting the automatic stay should so provide.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Motion be denied, and that the Court grant such other relief as it deems appropriate and proper.

Date: May 25, 2022

Respectfully submitted,

*/s/ Justin P. Fasano*
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2022, a copy of the foregoing was served electronically via the Court's ECF system.

/s/ *Justin P. Fasano*
Justin P. Fasano