**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
  **for the District of Columbia**
**400 6th Street, N.W.**
**Washington, DC 20001**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In the Matter of** ) ) ) | |
| ) | **Case No. 22-00059** |
| **JEFFERSON-11TH STREET, LLC,** ) | |
| ) | **Chapter 11** |
| Debtor and Debtor-in-Possession. ) ) ) ) | |

**OPPOSITION OF THE DISTRICT OF COLUMBIA**
**TO DEBTOR-IN-POSSESSION'S OBJECTION TO THE**
**CLAIM OF THE DISTRICT OF COLUMBIA (CLAIM 6-3)**

**COMES NOW** Defendant District of Columbia ("District"), through the Office of the Attorney General for the District of Columbia, and files its *Opposition to Debtor-In-Possession's Objection to the Claim of the District of Columbia (Claim 6-3)*. In support whereof, the District states as follows:

**I. PARTIES**

(1) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District files this action through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business

of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

(2) Jefferson-11th Street, LLC ("Debtor"), Debtor herein, located at 2724 11th Street, N.W., Washington, DC (the "Property"), is a single asset real estate limited liability company organized under the laws of the District of Columbia with a principal place of business located in the District. Since 2009 Debtor has owned a 100 percent fee simple interest in the Property which is a two-story apartment building with 26 units.

## II. STATEMENT OF FACTS

(3) On March 31, 2022 (the "Petition Date"), Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 (the "Chapter 11 Case") of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court").[1]

### A. Tax Claims Filed by the District of Columbia Office of Tax and Revenue to Which Debtor Objects.

### 1. Unincorporated Business Franchise Taxes

(4) On April 28, 2022, the Section 341 meeting was held with Mr. Francis Hill Parker, the managing partner of Debtor, testifying on behalf of Debtor in order to permit creditors and other parties-in-interest to inquire about Debtor's financial affairs, including its assets and liabilities. During the meeting, a revenue officer from the District of Columbia Office of Tax and Revenue ("OTR") inquired as to outstanding tax returns that Debtor has failed to file for over five years. Debtor's counsel stated that Debtor would provide the tax returns.

---

[1] The District hereby adopts and incorporates by reference herein all relevant factual statements, including its Statement of Facts in its Opposition to Turnover.

(5) In fact, as of April 2022, Debtor had failed to file its unincorporated business franchise tax returns for over nine years and had not made any tax payments. Specifically, OTR's records showed the following regarding Debtor's record of filing tax returns for its unincorporated business franchise taxes:

> TAX YEARS 2008 and 2011: Debtor filed the unincorporated business franchise tax returns and paid the taxes due.
>
> TAX YEARS 2009 AND 2010: Debtor filed an extension to file returns and pay its unincorporated business franchise taxes. After receiving an extension, Debtor never filed tax returns or paid its unincorporated business franchise taxes.
>
> TAX YEARS 2012 – 2021: Debtor had failed to file its unincorporated business franchise tax returns or pay taxes for its unincorporated business franchise tax obligations for tax years 2012 through 2021.

(6) Following the Section 341 meeting on April 28, 2022, the District made a number of inquiries to Debtor requesting that it provide copies of its unincorporated business franchise tax returns. Debtor, however, failed to respond.

(7) Indeed, in its Plan of Reorganization filed on June 29, 2022, Docket Entry No. 128 (amended on June 30, 2022, Docket Entry No. 131) and in its Disclosure Statement, Docket Entry No. 130, filed on June 30, 2022 (amended on June 30, 2022, Docket Entry No. 132), Debtor stated that it had no priority or administrative tax claims.

(8) On July 17, 2022, the District filed its *Motion to Compel Debtor to File its Tax Returns, or in the Alternative, Motion to Dismiss Debtor's Chapter 11 Bankruptcy Proceeding for Failure to File Tax Returns* ("Motion to Compel"), Docket Entry No. 138. On August 8, 2022, Debtor filed its Opposition to the District's Motion to Compel. *See* Docket Entry No. 145.

(9) On various dates in August 2022, Debtor filed its unincorporated business franchise tax returns as follows:

>Unincorporated business franchise tax returns for tax years 2009 and 2010 – filed August 10, 2022.
>Unincorporated business franchise tax returns for tax year 2011 - filed August 9, 2022.
>Unincorporated business franchise tax returns for tax year 2012 - filed August 10, 2022.
>Unincorporated business franchise tax returns for tax years 2013 through 2018 - filed August 5, 2022.

(10) On August 31, 2022, the District withdrew its Motion to Compel. *See* Docket Entry No. 158.

(11) Based upon Debtor's unincorporated business franchise tax returns for tax years 2009 through 2018, OTR filed its Amended Proof of Claim for unincorporated business franchise taxes on September 7, 2022, as Amended Proof of Claim No. 6-3.

**2. Real Property Taxes.**

(12) For years, starting as early as 2013, tenants at the Property complained of a multitude of deteriorating conditions within their units and the common areas of the building. The conditions included mold, water leakages resulting in ceiling collapses, and infestations of rodents, roaches, and bedbugs. Instead of making necessary repairs to comply with the housing code, Debtor and its management company, SCF Management LLC ("SCF Company"), pursued repeated attempts to raise rents through hardship petitions, allowing the building to decay in the meantime.

(13) Indeed, there is a long history of the refusal of Debtor and its owners to maintain the Property in compliance with the District's housing code. Findings made by the District of Columbia Rental Housing Commission ("RHC"), District of Columbia Office of Administrative Hearings, and the Superior Court of the District of Columbia ("Superior Court") held that

4

Debtor, and its principal, Elis Parker, willfully allowed the Property to fall into a state of disrepair. So great was the disrepair that the RHC rejected Debtor's substantial rehabilitation petition, OAH ordered Debtor to return tenants' rents, and the Superior Court appointed a receiver and found that Debtor and Mr. Parker committed "[e]gregious violations of the District of Columbia Consumer Protection Procedures Act ("CPPA") and the D.C. Housing Code."[2] *See Opposition to Debtor's Motion for Turnover of Funds from State Ordered Receiver Pursuant to 11 U.S.C. § 543*, Docket Entry No. 31.

(14) As a result of the conditions at the Property, on June 19, 2019, the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA")[3] issued a Notice of Vacant Property Determination (June 19, 2019 Notice"), attached hereto and made a part hereof as District Exhibit No. 1, requiring the following:

> [Y]ou have **30 days from the date of that notice** to register your property by submitting a Building Response Form. If you do not submit the form to the Vacant Building Enforcement Unit timely, your building will be designated as vacant and re-classified as vacant (Class 3) with the Office of Tax and Revenue accordingly. . . .
>
> Please note that as property owner, you may be eligible for an exemption from the tax classification, so please review the form carefully. If you do not submit the form to the Vacant Building Enforcement Unit timely, as well as apply for any exemption, you may be entitled to, your property be designated as vacant and re-classified as vacant (Class 3) with the Office of Tax and Revenue accordingly. . . .

District Exhibit No. 1, June 19, 2019 Notice.

(15) The June 19, 2019 Notice provided notice that Debtor had certain appeal rights should Debtor wish to appeal DCRA's final determination as follows:

---

[2] August 26, 2021, Transcript of Decision and Order by Judge Pan. *See* District Exhibit No. 15.
[3] In November, 2022, the District of Columbia Depart of Consumer and Regulatory Affairs was split into two agencies, the Department of Buildings and the Department of Licensing and Consumer Protection.

> **Appeal Rights:** (a) Within 15 days after the designation of an owner's building as a vacant building, the determination of delinquency of registration or fee payment, the denial or revocation of registration, or the designation of a vacant building as a blighted vacant building, the owner may petition the Department for reconsidereation [sic] by filing the form provided by the Department.
>
> (b) Within 45 days after the date of a notice of final determination from an appeal under subsection (a) of this section, an owner may file an appeal with the Real Property Tax Appeals Commission for the District of Columbia. The notice of final determination under subsection (a) of this section is required in order to file an appeal with the Real Property Tax Appeals Commission for the District of Columbia.

District Exhibit No. 1, June 19, 2019 Notice.

(16) On May 20, 2021, DCRA issued a Notice of Vacant Property Determination (May 20, 2021, Notice"), attached hereto and made a part hereof as District Exhibit No. 2, containing the same language as the June 19, 2019, Notice and setting forth the same requirements regarding the registration of the Property as vacant and/or vacant and blighted. Similarly, the May 20, 2021, Notice contained the same language as the June 19, 2019, Notice regarding appealing a final determination by DCRA that the property is vacant and/or vacant and blighted.

(17) On September 14, 2021, DCRA issued a Notice of Infraction to the Debtor ("September 14, 2021, Notice of Infraction"), attached hereto and made a part hereof as District Exhibit No. 3. The September 14, 2021, Notice of Infraction states that Debtor failed to register the Property as vacant property as of June 27, 2021, and provided a $2,118 fine for the violation.

(18) On October 28, 2021, DCRA issued a Notice of Vacant Property Determination (October 28, 2021, Notice"), attached hereto and made a part hereof as District Exhibit No. 4, containing the same language as both the June 19, 2019, Notice and the May 20, 2021, Notice, and setting forth the same requirements regarding registration of the Property as vacant and/or

6

vacant and blighted. Similarly, the October 28, 2021, Notice contained the same language as both the June 19, 2019, Notice and the May 20, 2021, Notice regarding appealing a final determination by DCRA that the property is vacant and/or vacant and blighted.

(19) Based upon Debtor's failure to respond to DCRA's multiple Notices of Vacant Property Determination, on September 7, 2022, OTR filed its Amended Proof of Claim for real property taxes for tax years 2021 and 2022 as Amended Proof of Claim No. 6-3.

### B. Debtor Filed Objection to the District's Proof of Claim No. 6-3.

(20) On November 21, 2022, Debtor filed its *Objection Filed by Debtor-In-Possession to the Claim of the District of Columbia (Claim 6-3 Filed 9-7-22)* ("Debtor's Objection to Claim 6-3") to which the District objects and opposes as follows.

### III. ARGUMENT

#### A. Debtor Bears the Burden of Proof to Defeat a Proof of Claim Which Is Presumed to Have *Prima Facie* Validity.

(21) Pre-petition claims are presumed to have *prima facie* validity. As the Court of Appeals for the Ninth Circuit stated in *Ashford v. Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir. 1995), "[a] proof of claim executed and filed in accordance with these [bankruptcy] rules shall constitute prima facie evidence of the validity and amount of the claim." *See also* Fed. R. Bankr. P. 3001(f).

(22) In order for a debtor to object to a claim, it must "produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985). The Bankruptcy Court for the Southern District of New York held in *In re King*, 305 B.R. 152, (Bankr. S.D.N.Y. 2004), that "[i]t is well settled that the party objecting to a proof of claim has the burden of coming forward with ***sufficient evidence*** rebutting the validity of a properly filed proof of claim." *See In re Allegheny Int'l, Inc.*, 954 F.2d

167, 173-74 (3rd Cir. 1992); *see also In re G. Marine Diesel Corp.*, 194 B.R. 306 (Bankr. E.D. N.Y. 1996); 3 Collier on Bankruptcy, Para. 502.01, at 502-17 (15th ed. 2001).

(23) As the Court of Appeals for the Third Circuit stated:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

*In re Allegheny International, Inc.*, 954 F.2d 167, 173-174 (3rd Cir. 1992). In effect, the presumption of the validity of the proof of claim is a procedural device that places the burden of producing evidence to rebut the presumption on the debtor.

### B. Debtor Has Failed to Produce Evidence to Defeat the District's Proof of Claim and, Accordingly, Has Failed to Meet Its Burden of Proof in Objecting to the District's Proof of Claim.

#### 1. Debtor's Objection to the District's Claim for Unincorporated Business Franchise Taxes Fails to Meet the Necessary Burden of Proof.

(24) As stated in its Statement of Facts, the District filed an amended proof of claim for unincorporated business franchise taxes on September 7, 2022. OTR's proof of claim for unincorporated business franchise taxes was based solely upon Debtor's finally filing its unincorporated business franchise tax returns after nine years of failing to file and pay these taxes. Debtor filed these tax returns only after the District filed a Motion to Compel Debtor's filing of nine years of unincorporated business franchise tax returns.

8

(25) Accordingly, Debtor's objection to OTR's unincorporated business franchise taxes is meritless and frivolous and should be denied since OTR had no information regarding the amount of the unincorporated business franchise taxes owed OTR prior to Debtor's filing its tax returns for those nine years.

(26) OTR has filed an Amended proof of claim, Proof of Claim No. 6-5, which provides the documentation submitted by Debtor to OTR in August 2022 as a result of the District's Motion to Compel.

### 2. Debtor Has Failed to Produce Evidence Sufficient to Rebut the Validity of the District's Claim for Real Property Taxes and Accordingly, Debtor Fails to Meet the Necessary Burden of Proof

(27) D.C. Official Code § 42-3131.06 requires:

> (a) [T]he owner of a vacant building shall maintain the building in compliance with the requirements of § 42-3131.12 and, within 30 days after it becomes a vacant building, register the building with the Mayor, and pay the registration fee.

D.C. Official Code § 42-3131.06.

(28) The various DCRA Notices detailed in the District's Statement of Facts, *supra* at Par. Nos. 14 - 18 at 5 – 7, provide that in order to challenge the classification of the Property as vacant, Debtor was required to do the following:

- Within 15 days from the date of the vacant designation, file request for reconsideration with DCRA; and
- Within 45 days of notification of final determination by DCRA, file an appeal with the Board of Real Property Assessments and Appeals (now known as the Real Property Tax Appeals Commission or RPTAC).

(29) In objecting to the District's proof of claim for real property taxes, Debtor made bald assertions that it "[h]ad paid all real property taxes when due" and that the amount of real

9

property taxes claimed by the District "[w]ere based upon an erroneous assessment of the property as a blighted property. . . ." Debtor's Objection to Claim, Docket Entry No. 174.

(30) Based upon the record in Debtor's Objection to Claim, Docket Entry No. 174, Debtor has provided no supporting evidence to show that it paid all of the real estate taxes when due or that there was an erroneous assessment of the property as blighted. Indeed, DCRA Notices refer to the Property as being classified "Vacant," not blighted. Accordingly, Debtor has presented no evidence sufficient to negate the prima facie validity of the District's claim for real property taxes and thus Debtor has failed to meet its burden of proof.

WHEREFORE, the District prays that this Honorable Court deny Debtor's objection to District Proof of Claim 6-3 and for such other and further relief as the Court may deem just.

Date: December 6, 2022.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General

      /s/ William Burk
WILLIAM BURK, D.C. Bar No. 325274
Chief, Land Acquisition and Bankruptcy Section

      /s/ Nancy L. Alper
NANCY L. ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street, N.W., 9th Floor
Washington, D.C. 20001
(202) 724-8122
nancy.alper@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2022, I caused a copy of the foregoing *Opposition to Debtor-In-Possession's Objection to the Claim of the District of Columbia (Claim 6-3)* to be filed and served electronically using the Court's ECF System.

　　　　　　　　　　　　　　　　　/s/ Nancy L. Alper　　　　　
　　　　　　　　　　　　　　　NANCY L. ALPER, D.C. Bar No. 411324