The order below is hereby signed.

Signed: July 25 2023



_____
Elizabeth L. Gunn
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
In re:                                        )
                                              )      Case No. 22-00059-ELG
JEFFERSON-11ᵀᴴ STREET, LLC,                   )      Chapter 11
                                              )
            Debtor.                           )
                                              )
_____)

**ORDER APPROVING DISCLOSURE STATEMENT WITH
RESPECT TO DEBTOR'S AMENDED CHAPTER 11 PLAN
AND CONFIRMING DEBTOR'S AMENDED CHAPTER 11 PLAN**

This matter came before the Court on the combined hearing on approval of the Disclosure Statement with Respect to Debtor's Amended Chapter 11 Plan (together with the exhibits thereto, as amended, the "Disclosure Statement") and confirmation of the Amended Chapter 11 Plan dated June 12, 2023 (together with the exhibits thereto, as amended, the "Plan") filed by Jefferson-11ᵀᴴ Street, LLC (the "Debtor"). The Court first considered the Disclosure Statement. After consideration of the Disclosure Statement and any objections filed thereto and based on the record of the combined hearing, after due deliberation, and sufficient cause appearing, this Court hereby approves the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Following approval of the Disclosure Statement, the Court considered confirmation of the Plan. After consideration of the Plan and any objections filed

thereto and based on the record of the combined hearing, after due deliberation, and sufficient cause appearing, this Court hereby confirms the Plan, makes the following findings of fact and conclusions of law, and based thereon issues the following order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      <u>Jurisdiction and Venue</u>.  The Court has jurisdiction over this proceeding, approval of the Disclosure Statement, and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O), and the Court has jurisdiction to enter a Final Order with respect thereto. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), and (O), and the Court likewise has jurisdiction to enter a Final Order with respect thereto.   The Debtor is an eligible debtor under § 109 of the Bankruptcy Code.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      <u>Notice</u>.  Any person or entity required to receive notice of the combined hearing on approval of the Disclosure Statement and confirmation of the Plan has received due, proper and adequate notice thereof.  In filing and serving the Motion to Sell Property Free and Clear of Any and All Liens and Interest Pursuant to 11 U.S.C. § 363(f) ("<u>Sale Motion</u>," Docket No. 190), the Debtor satisfied all notice and hearing requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court and the orders entered by the Bankruptcy Court in the Chapter 11 Case for approval of the sale of substantially all of its assets (collectively, the "<u>Transferred Assets</u>"), including but not limited to the real property located at 2724 11th Street, NW Washington D.C. 20001 and described as Square 2859/Lot 0089, and all improvements thereon (the "<u>Property</u>") as sought in the Plan.  No other or further notice of the proposed sale, or of the entry of this Order is necessary or shall be required.

C.      <u>Petition Date</u>.  On March 31, 2022 (the "<u>Petition Date</u>"), the Debtor filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has continued in possession and management of its business and property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Approval of the Disclosure Statement**

D.      <u>Disclosure Statement Compliance with Bankruptcy Code - § 1125</u>.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and complies with Bankruptcy Rule 3016(c). On page 7 of the Disclosure Statement, the Debtor asserts that no priority taxes are due.  The District asserts various priority tax claims, and nothing herein shall impact the validity and priority of those claims.  No further information is necessary.

**Confirmation of the Plan**

E.      <u>Plan Compliance with Bankruptcy Code - § 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.

F.      <u>Debtor's Compliance with Bankruptcy Code - § 1129(a)(2)</u>.  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

G.      <u>Plan Proposed In Good Faith - § 1129(a)(3)</u>.  The Plan has been proposed in good faith and not by any means forbidden by law.  The Debtor is entitled to a presumption of good faith pursuant to Bankruptcy Rule 3020(b)(2).

H.      <u>Payments for Services or Costs and Expenses - § 1129(a)(4)</u>.  Any payment made or to be made in connection with this case, or in connection with the Plan, has been approved by the Court as reasonable, or will be subject to such approval by the Court.

I.      <u>Service of Certain Individuals - § 1129(a)(5)</u>.  Section 1129(a)(5) of the Bankruptcy Code requires that (a) the plan proponent disclose the identity and affiliations of the proposed officers and directors of the debtor after confirmation, (b) the appointment or

continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) there be disclosure of the identity and compensation of any insiders to be retained or employed by the reorganized debtor. The Plan provides that the members of the Debtor shall maintain their equity interests and rights in the Debtor. The requirements of section 1129(a)(5) of the Bankruptcy Code are satisfied.

J.    Rate Changes - § 1129(a)(6). Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

K.    Best Interest of Creditors - § 1129(a)(7). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because each Holder of a Claim or Equity Interest is unimpaired and deemed to have accepted the Plan.

L.    Acceptance by Certain Classes - § 1129(a)(8). Under the Plan, all classes are unimpaired and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have voted to accept the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

M.    Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims - § 1129(a)(9). The treatment of Administrative Claims, Priority Tax Claims, and Non-Tax Priority Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

N.    Acceptance by Impaired Class of Claims - § 1129(a)(10). Under the Plan, all classes of claims are unimpaired, so section 1129(a)(10) of the Bankruptcy Code is not applicable. Additionally, the Debtor has received one ballot from a Class 6 unsecured non-insider creditor. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the

Bankruptcy Code.

O.  <u>Feasibility - § 1129(a)(11)</u>.  All Allowed Claims shall be paid in full in accordance with the terms of the Plan.  The Plan is feasible, and the confirmation of the Plan is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor or a successor beyond the liquidation provided for in the Plan.  Moreover, the sale proceeds are such that sufficient amounts exist to pay disputed Claims that become Allowed Claims.  Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

P.  <u>Payment of Fees - § 1129(a)(12)</u>.  Article X.H of the Plan provides that (i) on the Effective Date, the Debtor will pay all U.S. Trustee Fees that are due and owing; and (ii) following the Effective Date, the Debtor will pay all quarterly fees to the Office of the U.S. Trustee that are required by applicable law until the case is closed.  Accordingly, the requirements of section 1129(a)(12) of the Bankruptcy Code are satisfied.

Q.  <u>Continuation of Retiree Benefits - § 1129(a)(13)</u>.  The Debtor is not obligated to provide retiree benefits, and as a result, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

R.  <u>Non-Applicability of Certain Sections (§§ 1129(a)(14) and (15))</u>.  Sections 1129(a)(14) and 1129(a)(15) of the Bankruptcy Code do not apply to the Debtor's Chapter 11 case.  The Debtor owes no domestic support obligations, and is not an individual.

S.  <u>Transfers in Accordance with Non-Bankruptcy Law - § 1129(a)(16)</u>.  The Debtor is a for-profit entity.  Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

T.    No Unfair Discrimination; Fair and Equitable - § 1129(b).  Because the Plan satisfies all of the requirements of section 1129(a) of the Bankruptcy Code, a determination regarding whether the Plan is confirmable pursuant to section 1129(b) is not necessary.

U.    Only One Plan - § 1129(c).  This is the only plan proposed to the Court in this proceeding and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to the Plan.

V.    Principal Purpose of Plan - § 1129(d).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

W.    Not Small Business Case - § 1129(e).  This case is not a small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

X.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, all other pleadings, documents, declarations, and exhibits filed in connection with confirmation of the Plan, and all arguments made, proffered, or adduced at the combined hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

Y.    Implementation.  All documents and agreements necessary to implement the Plan, including, but not limited to, the Sale Agreement (defined below), are essential elements of the Plan and have been negotiated in good faith and at arm's length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtor, the estate, and the Holders of Claims or interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law.  The Debtor is authorized, without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and to perform its

obligations under such agreements, documents, instruments, and certificates in accordance with the Plan.

Z. <u>Transfers by the Debtor</u>. All transfers of property of the estate shall be free and clear of all liens, claims, charges, interests, and other encumbrances, in accordance with applicable law, except as expressly provided in the Plan or this Order.

AA. <u>Exemption from Taxation</u>. The making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan or the Sale Agreement, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the sale of Property, and any deed of trust evidencing any loan obtained to purchase the Property, including the Take Back Financing, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the sale of the Property, or any deed of trust executed in connection with the purchase of the Property, including the Take Back Financing, in accordance with section 1146(a) of the Bankruptcy Code.

BB. <u>Sale</u>. The Sale Agreement is an essential element of the Plan and entry into and consummation of the transactions contemplated by the documents that comprise the Sale Agreement (defined below) is in the best interest of the Debtor, the estate, and the Holders of claims and interests.

CC.    <u>Retention of Jurisdiction</u>.   The Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this proceeding or the Plan, after confirmation thereof and after the Effective Date, as provided in Article X.O of the Plan.

**Sale of the Transferred Assets**

DD.    <u>Sale of Property</u>.   The Debtor is a single asset real estate limited liability company and seeks in the Plan authority to sell the Transferred Assets to SK Management, LLC ("<u>SKM</u>" or the "<u>Purchaser</u>") or its assign, for a base purchase price of $5,300,000 (the "<u>Purchase Price</u>") pursuant to an Agreement to Purchase Real Estate (the "<u>Sale Agreement</u>").   Pursuant to the Plan, the sale of the Property is to be approved as part of the Confirmation Hearing.   After the Petition Date, the Debtor undertook extensive efforts to market the Property for sale.   More specifically, those marketing efforts included engaging realtors Marcus & Millichap Real Estate Investment Services of North Carolina, Inc. ("<u>M&M</u>"), where regionally active M&M team the Zupancic Group worked in partnership with Affordable Housing Advisors of M&M, a national unit specializing in offering for sale multi-family residential housing developments.   M&M, the exclusive listing agent, fully exposed the property through an exhaustive monthslong marketing process.   During that period, M&M conducted on-site separate property tours, achieved multiple executed confidentiality agreements, sent out hundreds of emails, and made numerous calls culminating in a 'Call for Offers' that resulted in multiple written offers.   Following the 'Call for Offers', the final purchase price was achieved after negotiations and counters. M&M ran an extremely collaborative process with a wide range of purchasers, investors, and developers.

EE.    The process undertaken by the Debtor constituted sufficient market exposure and afforded potentially interested parties adequate opportunity to make offers to purchase and acquire the Property.

FF.    The Debtor has demonstrated a sufficient basis and compelling circumstances to sell the Property to the Purchaser under sections 1123(b)(2) and 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and in the best interests of the Debtor, the estate and the Debtor's creditors.

GG.    The lienholders against the Property are adequately protected by having their interests attach to the proceeds of the sale.

HH.    Pursuant to sections 1123(5)(D) and 1141(c) of the Bankruptcy Code, the sale of the Transferred Assets is free and clear of any and all liens, claims, encumbrances and other interests, including but not limited to the rights of tenants under TOPA, in accordance with, and subject to, the terms and conditions contained in the Sale Agreement.

II.    The Sale Agreement for the Property contemplates that the Debtor will be granted a subordinated lien on the Property as part of the Sale Agreement for $1,840,000.00 (the "Take Back Financing").

JJ.    The Debtor has full power and authority to execute the Sale Agreement and all other documents contemplated thereby, and the sale of the Transferred Assets has been duly and validly authorized by all necessary authority for the Debtor to consummate the sale of the Transferred Assets.    No additional consents or approvals are required by the Debtor to consummate the transactions contemplated under the Sale Agreement.

KK.    The Debtor has advanced sound business reasons for entering into the Sale Agreement and to sell and/or assume and assign the Transferred Assets, and it is a reasonable exercise of the Debtor's business judgment to consummate the transactions contemplated by the Sale Agreement.    Notwithstanding any requirement for approval or consent by any person, the

transfer of the Transferred Assets to the Purchaser is a legal, valid and effective transfer of the Transferred Assets.

LL.    The terms and conditions of the Sale Agreement, including the consideration to be realized by the Debtor, are fair and reasonable, the transactions contemplated by the Sale Agreement are in the best interests of the Debtor's estate and the consideration to be realized by the Debtor constitutes reasonably equivalent value for the Transferred Assets.

MM.    The transfer of the Transferred Assets to the Purchaser is a legal, valid and effective transfer of the Transferred Assets, and shall vest the Purchaser with all right, title and interest in and to the Transferred Assets free and clear of any and all liens, claims, encumbrances and interests, except nothing herein shall preclude the implementation of the Take Back Financing.  All persons having liens, claims, encumbrances or interests of any kind or nature whatsoever against or in any of the Debtor or the Transferred Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and interests against the Purchaser, any of its assets, property, successors or assigns, or the Property.

NN.    The Debtor may sell the Transferred Assets free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever under section 1141(c) of the Bankruptcy Code, except nothing herein shall preclude the Debtor from being granted a lien for the Take Back Financing.  Those holders of liens, claims, encumbrances and interests who did not object to the Sale Motion, or who did not object or withdrew their objections to the Plan, are deemed to have consented to the sale of the Transferred Assets.  All objections to the sale have been resolved or overruled.  Holders of liens, claims, encumbrances and interests are adequately

protected by having their liens, claims, encumbrances and interests, if any, attach to the proceeds of the sale of the Transferred Assets.

OO.     SKM is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisional law thereunder.  The Sale Agreement was negotiated and entered into in good faith and without collusion or fraud of any kind.  SKM has not engaged in collusion or any conduct that would otherwise control or tend to control the sale price as between or among potential bidders. SKM's bid for the Transferred Assets with the Sale Agreement was subject to competitive Bid Procedures as set forth in the Bid Procedures Order, and SKM complied with the applicable provisions of the Bid Procedures Order in all respects.

PP.     The transactions contemplated under the Sale Agreement do not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate, there is not substantial continuity between the Purchaser and the Debtor, there is no common identity between the Debtor and the Purchaser, there is no continuity of enterprise between the Debtor and the Purchaser, the Purchaser is not a mere continuation of the Debtor or the estate, and the Purchaser does not constitute a successor to the Debtor or the estate.

QQ.     The Property will be sold in its "as-is" condition as of the date of closing of the sale.

RR.     No tenant shall have any right under the Tenant Opportunity to Purchase Act ("TOPA") because this is a sale through a Chapter 11 bankruptcy process and plan.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:

1.     <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and conclusions of law set forth herein or incorporated herein by reference, and the record of the combined hearing,

constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent that any of the prior findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      <u>Disclosure Statement</u>.  The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code as referred to herein and is APPROVED.

3.      <u>Objections to Disclosure Statement</u>.  All objections, if any, to the Disclosure Statement that have not been withdrawn or resolved as provided in the records of the combined hearing are overruled.

4.      <u>Confirmation</u>.  All requirements for the confirmation of the Plan have been satisfied.  Accordingly, the Plan, in its entirety, is CONFIRMED pursuant to section 1129(a) of the Bankruptcy Code.  Each of the terms and conditions of the Plan and the exhibits thereto, and any amendments, modifications, and supplements thereto, and any amendments set forth in this Order, are an integral part of the Plan and are incorporated by reference into this Order.[1]  The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety.  The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  A copy of the confirmed Plan is attached hereto as **Exhibit A**.

5.      <u>Objections to Plan</u>.  All parties have had a fair opportunity to litigate all issues raised by any objections to the Plan, or which might have been raised, and the objections have

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

been fully and fairly litigated. All objections, responses, statements, reservation of rights, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety, waived, settled, or resolved prior to the combined hearing, or otherwise resolved on the record of the combined hearing and/or herein, are hereby overruled for the reasons stated on the record.

6. <u>Notice</u>. Notice of the combined hearing, the Disclosure Statement, the Plan, and all related documents was appropriate and satisfactory based upon the circumstances of this case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. <u>Binding Order re Plan</u>. The provisions of the Plan, and this Order are now, and forever afterwards, binding on the Debtor, all creditors of the Debtor, all insiders of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

8. <u>Approval of Sale</u>. The Sale Agreement, including the Take Back Financing, is approved and the Debtor is authorized and directed to sell and transfer the Property, to SK Management, LLC or its assignee free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interest transferring to and attaching to the proceeds of such sale in the same priority as the attached to the Property, including, but not limited to: the lien claims of the District of Columbia for Real Estate Taxes.

9. <u>Surrender of Transferred Assets to Purchaser</u>. All persons or entities, presently or on or after the Closing Date, in possession of some or all of the Transferred Assets are directed to surrender possession of the Transferred Assets to the Purchaser on the Closing Date or at such

time thereafter as the Purchaser may request.

10.     Disbursing Agent.  Counsel for the Debtor will serve as a disbursing agent for the Sale Proceeds, and as such, shall collect the Sale Proceeds as a fiduciary.  However, the scope of such fiduciary duties shall be limited exclusively to distributing the funds to the Holders of Claims or Interests in accordance with the Plan.

11.     Disbursements to Lien Holders.  The Debtor shall make disbursements from the sale proceeds to lien holders at closing or as soon thereafter as reasonably practical in an amount not inconsistent with the amount agreed to by the lien holders and the Debtor to satisfy the amount owed as of that date, or such amount as is determined by the Bankruptcy Court.

12.     Disbursements to Satisfy DIP Facility.  The Debtor is authorized to make disbursements from the sale proceeds to Mr. Hill Parker to satisfy and post-petition loans made by Mr. Parker without further Order of this Court.

13.     Payment of Real Estate Commission.  The previously approved real estate commission of 5% may be paid to M&M at closing without further Order of this Court.

14.     Payment of Closing Costs.  The Debtor is authorized to pay at closing the ordinary, necessary and reasonable costs of closing, including any undisputed real estate taxes, water and sewer, and other utility charges without further order of the Court from the proceeds of sale.

15.     Authority to Execute Documents in Connection with Sale.  The Debtor shall have the authority and is directed to execute all documents in connection with the sale, including, but not limited to, a deed to convey the entire Property.

16.     No Purchaser Liability.  Pursuant to sections 105 and 1123 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Debtor, all debt security holders,

equity security holders, the Debtor's employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a lien, claim, encumbrance or interest of any kind or nature whatsoever, is and shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such, lien, claim, encumbrance or interest, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser or any affiliates, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates, financial advisors and representatives in connection with the Transferred Assets, provided, however that the foregoing shall not prevent the Debtor, the estate, successors or permitted assigns from pursuing claims, if any, against the Purchaser and/or its successors and assigns to enforce the terms of the Sale Agreement, including the Take Back Financing.

17.     No Successor Liability.  The Purchaser is not a "successor" to the Debtor or the estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor or the estate including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability.

18.     Binding Order re Sale.  This Order and the Sale Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Purchaser, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in any chapter 7 case if this case is converted from chapter 11, all creditors of the Debtor (whether

known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Transferred Assets.

19. <u>Jurisdiction re Sale</u>. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Sale Agreement in all respects and to decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties thereunder or any issues relating to the Sale Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Transferred Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all liens, claims, encumbrances and interests or the attachment of such liens, claims, encumbrances and interests to the sale proceeds.

20. <u>Sale to Purchaser</u>. The Debtor is hereby authorized and directed: (i) to sell the Transferred Assets to the Purchaser upon the terms and conditions set forth herein, in the Sale Agreement, and in the Plan; (ii) to take any and all actions necessary or appropriate to consummate the sale of the Transferred Assets to the Purchaser and the closing of the transaction, in accordance with the Sale Agreement, the Plan, and this Order; (iii) to perform, consummate, implement and close fully the sale of the Transferred Assets; and (iv) to take all further actions as may be necessary or appropriate to the performance of the sale of the Transferred Assets as contemplated by this Order, the Sale Agreement, and the Plan.

21. <u>Sale Free and Clear</u>. Effective upon the closing of the sale, the Transferred Assets shall be, and are hereby deemed to be, transferred, sold and delivered to the Purchaser free and

clear of all liens, claims, defenses, encumbrances, and other interests, including but not limited o

the rights of tenants under TOPA, pursuant to section 1129 of the Bankruptcy Code and the

Debtor is directed to execute such transfer documents as are necessary to transfer the Transferred

Assets to the Purchaser, including bills of sale, title transfer documents, deeds, and assignments.

Any and all liens, claims, defenses, interests and encumbrances shall attach to the proceeds of the

sale in the same order of priority as they existed prior to the Petition Date with respect to the

Property.  This provision of the Order shall be self-executing and notwithstanding the failure of

the Debtor or any other party to execute, file or obtain releases, termination statements, consents

or other instruments to consummate or implement the provisions hereof or the Sale Agreement,

all liens, claims, interests and encumbrances of any kind or nature in or against the Property

transferred, sold or assigned shall be deemed released.  This Order is and shall be effective as a

determination that, upon Closing, all liens, claims, encumbrances, defenses and other interests

existing in and to the Property have been and hereby are adjudged and declared to be

unconditionally released, discharged and terminated, and that the conveyances described herein

have been made free and clear of all such liens, claims, encumbrances, defenses, and interests,

with such liens, claims, encumbrances, and interests to attach to the proceeds of the sale, except

nothing herein shall preclude the Debtor from being granted a lien for the Take Back Financing.

22.     <u>Executory Contracts and Unexpired Leases</u>.  The Executory Contracts and

Unexpired Leases provisions of Article X.E of the Plan are approved.

a.     On the Effective Date, the Debtor will be deemed to have rejected any and

all other Executory Contracts and Leases that the Debtor executed before the Effective

Date to the extent that these agreements constitute executory contracts or unexpired

leases under Bankruptcy Code section 365.  On the Effective Date, this Order will

constitute a Court order approving this rejection pursuant to section 365(a) of the Bankruptcy Code.

23. <u>Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan or Sale Agreement, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the sale of Property, and any deed of trust evidencing any loan obtained to purchase the Property, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the sale of the Property, or any deed of trust executed in connection with the purchase of the Property, including the Take Back Financing, in accordance with section 1146(a) of the Bankruptcy Code.

24. <u>Jurisdiction re Case</u>.  The Court shall retain jurisdiction over this case to the extent provided for in the Plan.

25. <u>Effectiveness of this Order</u>.  Any stay of this Order including, but not limited to, approval of the sale of the Transferred Assets provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 4001(a)(3), 6004(h), and 6006(d)) whether for fourteen (14) days or otherwise, is waived so that this Order shall be effective and enforceable immediately upon its entry by the Court.

26. <u>Applicability to Tenant Parties</u>.  Notwithstanding any other provision of the Plan or this Confirmation Order to the contrary, nothing in the Plan or this Confirmation Order shall

enjoin, affect, modify, limit, waive or impact the rights or claims of the Tenant Parties or the District of Columbia under that certain Settlement Agreement [Docket No. 195] (the "Settlement Agreement")[2], including the payment obligations set forth in section 2 thereof. The Tenant Parties and 11th Street Parties each remain bound by the provisions of the Settlement Agreement, including the releases and limitations on releases contained therein, and the releases and injunctive provisions in the Plan and/or this Confirmation Order shall (i) not apply to the rights or claims of the Tenant Parties or the District of Columbia under the Settlement Agreement and (ii) not supersede, waive, release or otherwise affect any exceptions to the releases in the Settlement Agreement and the additional agreements between the Parties in paragraph 9 of the Settlement Agreement, which exceptions and agreements shall remain and control over any Plan releases and injunctive provisions, including, without limitation, the Injunction provision set forth below in paragraph 27 of this Confirmation Order.

27. **Injunction: All injunctions or stays provided for in the Case pursuant to §§ 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.**

**As of the Effective Date, all Persons that have held, hold, or may hold Claims (including, but not limited to, Administrative Expense Claims) are enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of any such Claim, Administrative Expense Claim against the Debtor, and its professionals, representatives, successors and assigns (the "Estate Parties"), including, but not limited to, any Claims, Administrative Expense Claims based upon any act or omission, transaction, or other activity of any kind, type or nature**

---

[2] Capitalized terms used in this paragraph but not otherwise defined herein have the meanings ascribed to such terms in the Settlement Agreement.

that occurred in connection with the Case prior to the Confirmation Date; (ii) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Estate Parties arising from any matter related to the Case; (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Estate Parties or against the property, or interests in property, of the Estate Parties with respect to any such Claims (including, but not limited to, Administrative Expense Claims); and (iv) asserting any defense or right of setoff, subrogation, or recoupment of any kind against any obligation due from the Estate Parties or against the property, or interests in property, of the Estate Parties with respect to any such Claim (including, but not limited to, Administrative Expense Claims), except that holders of Administrative Expense Claims may file requests for allow of Administrative Expense Claims by the Administrative Expense Claims Bar Date and holders of Claims may file proofs of claim by the applicable Claims Bar Date.

Upon the completion of all plan payments to Creditors pursuant to this Plan, by Court Order, all of the remaining claims asserted against the Debtor by Creditors in each class included the Plan, shall be, to the fullest extent permitted by § 1141 of the Bankruptcy Code, satisfied, settled, released and discharged as against the Debtor, for any debt that arose before the Confirmation Date and any debt of a kind specified in §§ 502 and 503 of the Bankruptcy Code and all claims of any nature, whether or not (i) a proof of claim based on such debt or obligation is filed or deemed filed under § 501 of the Bankruptcy Code, (ii) such Claim is allowed under § 502 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted the Plan. Accordingly, upon the entry of the Discharge, all persons or entities which could have been claimants, and all actual claimants listed herein, shall be

precluded from asserting any Claim against Debtor, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, and the Confirmation Order shall permanently enjoin all such person or entities, and their successors and assigns, from enforcing or seeking to enforce any such Claim against the Debtor.

### 28. EXEMPTION FOR THE DISTRICT OF COLUMBIA:

a. Notwithstanding anything herein, in the Chapter 11 Plan or the Disclosure Statement to the contrary, nothing in this Confirmation Order, the Disclosure Statement, or the Plan releases, waives, enjoins, limits, or otherwise precludes the District of Columbia from pursuing any claim or cause of action, including defenses, counterclaims, and setoffs, that the District of Columbia has or may have (i) in the litigation pending in the District of Columbia Court of Appeals, Case No. 21-CV-762, and the Superior Court of the District of Columbia, Case No. 2017-CA-2837-2; and (ii) against non-Debtors, including the Estate Parties.

b. Notwithstanding anything herein, in the Chapter 11 Plan or the Disclosure Statement to the contrary, nothing in this Confirmation Order, the Disclosure Statement, or the Plan releases, waives, enjoins, limits, or otherwise precludes the District of Columbia from defending any claim or cause of action, including presenting defenses, counterclaims, and setoffs, that has been filed or may be filed in future actions brought by the Debtor, Estate Parties, or any other non-Debtors against the District of Columbia, including litigation pending in the United States District Court for the District of Columbia, Case No. 19-cv-1416.

For the avoidance of doubt, and notwithstanding any other provision contained in the Plan or this Order, nothing in the Plan or this Order shall release or enjoin the prosecution of any claims or Causes of Action by the Debtor or the Estate.

**WE ASK FOR THIS**:

/s/ *Janet M. Nesse*
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Debtor*

Copies to:

All entities on the Court's mailing list.